**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4036**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER HENRY HAYNES,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (CR-04-43)

Submitted:  September 20, 2006        Decided:  October 3, 2006

Before WILLIAMS and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

M. Victoria Jayne, Hickory, North Carolina, for Appellant.  Amy E.
Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Christopher Henry Haynes appeals his 188-month prison sentence resulting from his conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) (2000). Haynes' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), acknowledging the absence of any meritorious issues on appeal but raising the issue of whether the Government breached the plea agreement by submitting objections. Haynes filed a pro se supplemental brief raising claims regarding the reasonableness of the sentence enhancements and ineffective assistance of counsel. Finding no reversible error, we affirm.

Haynes contends that the Government breached the plea agreement when it sought a six level enhancement for the manufacture of methamphetamine creating a substantial risk of harm to a minor under U.S. Sentencing Guidelines Manual § 2D1.1(b)(6)(C) (2005). The written terms of the plea agreement did not prevent the Government from seeking sentencing enhancements not stated within the plea agreement. Haynes attempted to add such a clause, but the Government did not agree and crossed it out of the plea agreement. At the plea hearing, Haynes did not object and agreed to the Government's description of the plea agreement. The Government did not breach the plea agreement when it sought the enhancement.

Haynes contends that the district court was unreasonable in applying the enhancement. After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines, but still must calculate and consider the guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id.

Haynes' two-year old son tested positive for methamphetamine and injured himself with lye. Haynes contends that other medications caused the positive test, but the laboratory tested for other medications, such as amphetamine, and those tests were negative. Haynes also contends that the test is inaccurate, but has no evidence to the contrary. Based on the positive methamphetamine test and the child's lye injuries, the district court reasonably found by a preponderance of the evidence that Haynes created a substantial risk to a minor. The district court reasonably applied the six offense level increase.

The district court properly calculated the sentencing guideline range of 188-235 months' imprisonment. As Haynes' 188-month prison sentence is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006). Haynes has not rebutted that

presumption as the district court appropriately treated the guidelines as advisory, considered the guideline range, and weighed the relevant factors under 18 U.S.C. § 3553(a) (2000).

Haynes finally contends that his two trial attorneys were ineffective in negotiating the plea agreement, not withdrawing his guilty plea, and acting unprofessionally. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Our review of the record reveals that Haynes has failed to meet the high burden necessary to raise ineffective assistance of counsel on direct appeal.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.